```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **FRANK HENNESSEY,** | No. 17-cv-11763 (NLH) (AMD) |
| **Plaintiff,** | |
| **v.** | OPINION |
| **ATLANTIC OFFICE OF THE PUBLIC DEFENDER and ROBERT MORAN,** | |
| **Defendants.** | |

APPEARANCE:
Frank Hennessey, # 255009
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, N.J. 08330
    Plaintiff Pro se

HILLMAN, District Judge

   Plaintiff Frank Hennessey, an inmate presently incarcerated at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring a civil rights action pursuant to 42 U.S.C. § 1983 against the Atlantic Office of the Public Defender.  ECF No. 1.  The Complaint also references public defenders Robert Moran, Kevin Moses, Holly Bitters, and Kimberly Schultz (the "Individual Defendants"); it is unclear whether Plaintiff seeks to assert claims against them but the Court will

1

liberally construe the Complaint as seeking to assert claims against them individually.[1]  Id.

At this time, the Court must review Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will dismiss the Complaint without prejudice with leave to amend.  28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

BACKGROUND

Plaintiff filed the Complaint on November 17, 2017.  ECF No. 1.  In it, Plaintiff asserts that his due process rights have been violated by Defendants.  Compl. ¶ 1a.  Specifically, Plaintiff generally complains of the quality of representation he has received by Defendants, noting that "no progress" has been made in his case and he is still in custody.  Id. at 4–5.  Plaintiff asserts that Defendants are wrongly preoccupied with coercing guilty pleas rather than acting in their clients' best interests.  Id. at 8.  Plaintiff also asserts that the

---

[1] In the Complaint, Plaintiff states he would like to add more defendants in the future for claims regarding the food services and medical care providers at the Atlantic County Justice Facility as well as the poor conditions at the jail.  The Court will not screen these anticipated defendants or claims, as it is clear that Plaintiff does not intend to assert them presently.

2

Defendants have not provided him with "full discovery disclosure" or an opportunity to review surveillance footage of Plaintiff's alleged offense. Id. at 11-12. In addition, Plaintiff claims that the plea deal offered to him was relayed to him by Defendant Schultz and not by a prosecutor or in writing. Id. at 12. Plaintiff asserts that he has requested numerous hearings such as a probable cause hearing and a suppression hearing but that Defendants have ignored his requests. Id. at 15.

Plaintiff also states in the Complaint that he wishes to "collaterally attack" the manner by which the State of New Jersey, Superior Court Criminal Division Authorities, State of New Jersey County of Atlantic Office of the Prosecutor, Criminal Case Managers, and the Atlantic County Jail Administrators have "significantly crippled, distort, and or block/out" his ability to review evidentiary proofs such as investigatory results, notations, police reports, lab testing, statements and other material based on defective and deficient procedural policies. Id. at 20. Finally, Plaintiff also appears to assert a class action claim on behalf of "all enjoining (class status) parties" as to the mode by which discovery is disclosed to defendants in Atlantic County, some of whom are not literate or computer literate. Id. at 21-23.

In an effort to informally resolve his grievance, Plaintiff has exchanged multiple letters and engaged in numerous conferences with various public defenders at the Office including the Office's Department Head, Robert Moran. Id. ¶ 5.

STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis and in which a plaintiff is incarcerated. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding in forma pauperis and is also incarcerated. See ECF No. 3 (granting in forma pauperis application).

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014)

4

(quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

DISCUSSION

Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted. In order to state a claim pursuant to 42 U.S.C. § 1983, the plaintiff must show that "'(1) the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Calhoun v. Young, 288 F. App'x 47, 49 (3d Cir. 2008) (quoting Robb v. City of Phila., 733 F.2d 286, 290–91 (3d Cir. 1984)).

Plaintiff fails to state a claim as to the Individual Defendants because a public defender acts outside the color of state law when he or she is performing a lawyer's traditional functions as counsel to a defendant. Calhoun, 288 F. App'x at 49 (citing Polk County v. Dodson, 545 U.S. 312, 325 (1981)). Plaintiff makes no allegation that the Individual Defendants were acting in any way other than performing a lawyer's traditional functions as counsel to him. As such, the

5

Individual Defendants must be dismissed. Such dismissal, however, will be without prejudice and leave to amend.[2]

The Atlantic Office of the Public Defender must also be dismissed because it is immune from suit. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "'That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given.'" Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S.

---

[2] Where a public defender conspires with the state to deprive an individual of his rights, the public defender is not immune from civil liability under § 1983. See Tower v. Glover, 467 U.S. 914, 916–20 (1984); Bierley v. Abate, 661 F. App'x 208, 209 n.3 (3d Cir. 2016). Here, Plaintiff makes no outright allegation of conspiracy, and, in any event, would fail to state a claim because he does not allege an agreement in the Complaint. In order to plead conspiracy under § 1983, a plaintiff must "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 185 (3d Cir. 2009). It is possible, however, that he may be able to allege a sustainable claim in an amended complaint.

89, 98 (1984) (quoting Ex parte State of New York No. 1, 256 U.S. 490, 497 (1921)).  The Supreme Court in Hans v. Louisiana, 134 U.S. 1 (1890), "extended the Eleventh Amendment's reach to suits by in-state plaintiffs, thereby barring all private suits against non-consenting States in federal court." Lombardo v. Pa. Dep't of Pub. Welfare, 540 F.3d 190, 194 (3d Cir. 2008). "The State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court." Mierzwa v. United States, 282 F. App'x 973, 976 (3d Cir. 2008) (citing Ritchie v. Cahall, 386 F. Supp. 1207, 1209–10 (D.N.J. 1974)).

    The Eleventh Amendment protects state agencies when "'the state is the real party in interest.'" Beightler v. Office of Essex County Prosecutor, 342 F. App'x 829, 832 (3d Cir. 2009) (quoting Fitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 658 (3d Cir. 1989) (en banc).  Courts consider three factors to determine whether Eleventh Amendment immunity applies to a state agency: "(1) the source of the agency's funding-- i.e., whether payment of any judgment would come from the state's treasury; (2) the status of the agency under state law; and (3) the degree of autonomy from state regulation." Id. (quoting Fitchik, 873 F.2d at 659).  When evaluating whether immunity applies, "it is the entity's potential legal liability, rather than its ability or inability to require a third party to reimburse it, or to discharge the liability in the first

instance, that is relevant" to the Eleventh Amendment inquiry. <u>Regents of the Univ. of Cal. v. Doe</u>, 519 U.S. 425, 431 (1997).

District courts considering these three factors have found that the New Jersey Office of the Public Defender is immune under the Eleventh Amendment. <u>See</u>, e.g., <u>High v. Levengerg</u>, No. 16-8068, 2017 WL 714348 (D.N.J. Feb. 22, 2017); <u>May v. Irvington Police Dep't</u>, No. 15-cv-764, 2016 WL 236212 (D.N.J. Jan. 9, 2016) (finding State Treasury would be source of funds for payment of judgment against Office of the Public Defender; Office of the Public Defender was created by the State; and the Public Defender's Office must report annually to the New Jersey State Legislature); <u>Vasilopoulos v. Superior Court of New Jersey</u>, No. 08-cv-5801, 2009 WL 1298419 (D.N.J. May 8, 2009) (finding Office of the Public Defender is an arm of the state because it was established by the State of New Jersey and must make an annual report to the Legislature on its operations).

This Court agrees that the three factors demonstrate the State of New Jersey is the real party in interest when the Office of the Public Defender is sued under § 1983. Therefore, the Court will dismiss with prejudice the Office of the Public Defender from this action because it is immune under the Eleventh Amendment from Plaintiff's claims for damages.

In the Complaint, Plaintiff appears to seek to bring a claim on behalf of "all enjoining (class status) parties"

8

regarding the provision of discovery to criminal defendants in Atlantic County.  ECF No. 1 at 21.  The Court construes this reference as an intent to bring a class action claim.  To the extent that Plaintiff intends to do so, however, any such class claim must be dismissed.  Pursuant to Federal Rule of Civil Procedure 23(a)(4), a class action can only be maintained if the class representative "will fairly and adequately protect the interests of the class."  When confronting a request for class certification from a pro se litigant, courts have found that pro se plaintiffs generally cannot represent and protect the interests of the class fairly and adequately.  See Cahn v. United States, 269 F. Supp. 2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992), aff'd 995 F.2d 216 (3d Cir. 1993).

Here, Plaintiff is proceeding pro se and apparently is without formal training in the law.  Thus, Plaintiff would not be able to represent the interests of any putative class and maintain this suit as a class action.  Cahn, 269 F. Supp. 2d at 547; Krebs v. Rutgers, 797 F. Supp. 1246, 1261 (D.N.J. 1992) (denying class certification to pro se plaintiffs without sufficient legal education).  Therefore, to the extent that Plaintiff wishes to bring a class action claim, such a claim is denied.

Finally, as to Plaintiff's claim that he would like to "collaterally attack" the manner by which the State of New Jersey Superior Court, the State of New Jersey Office of the Prosecutor, unnamed Criminal Case Managers, and the unnamed administrators of the Atlantic County Jail have prevented Plaintiff's ability to review discovery, Plaintiff has failed to state a claim upon which relief may be granted.  This allegation is conclusory in nature and fails to provide the requisite details and elements to sustain a cause of action against any of the named entities.  For example, Plaintiff fails to specify what actions each entity took and how those actions deprived Plaintiff of an established legal right.  To the extent that Plaintiff wishes to assert a legal claim against these entities, he has failed to state a claim.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The Court will grant leave to amend except for Defendant Office of the Public Defender, as amendment against an immune party would be futile.

CONCLUSION

For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim.  Plaintiff may file an amended complaint within thirty (30) days to correct the

10

pleading deficiencies identified above.  An appropriate order follows.


Dated: June 18, 2018                s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.